UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| ARNOLD RAY ANDERSON, JR., ) | |
| ) | |
| Plaintiff, ) | Civil No. 0:18-115-HRW |
| ) | |
| v. ) | |
| ) | |
| MICHAEL WORTHINGTON, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |
| ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court *sua sponte*. Proceeding without counsel, Plaintiff Arnold Ray Anderson, Jr., previously filed a civil rights complaint against various prison officials pursuant to 42 U.S.C. § 1983. [D.E. No. 1]  After the preliminary screening of Anderson's complaint, the only Defendant remaining in this case was Boyd County Detention Center Deputy Richard Muex. [D.E. No. 21] However, after the United States Marshals Service ("USMS") attempted to serve the summons and complaint on Muex on Anderson's behalf, it was discovered that Muex is deceased. [D.E. No. 24]

On March 13, 2020, the Court entered an Order advising Anderson of this development and informing him of the requirements of Federal Rule of Civil Procedure 25(a)(1). [D.E. No. 25]  Rule 25(a)(1) provides that "[i]f a party dies and

1

the claim is not extinguished, the court may order substitution of the proper party." *See* Fed. R. Civ. P. 25(a)(1). While such a motion may be made by any party or by the decedent's successor or representative, in this case, the decedent/Defendant has not yet been served with summons, thus the Plaintiff is currently the only party before the Court who could make such a motion. Moreover, if a motion to substitute "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*. Finally, the motion must be served on nonparties as provided in Fed. R. Civ. P. 4, the rule that generally provides the requirements for proper service of summons. *See* Fed. R. Civ. P. 25(a)(3).

Thus, the Court advised Anderson that, to continue in this case, he must make a motion to substitute the decedent's successor or representative (specifically identifying the individual representative sufficiently to allow the USMS to attempt service) within 90 days from the date of the Court's Order. [D.E. No. 25] Anderson was further advised that, should he fail to comply with the requirements of the Court's Order, his claims against Defendant Richard Muex (the only claims remaining in this case) would be dismissed without prejudice. [*Id*.]

This time period has now expired with no response from Anderson. Thus, pursuant to the provisions of Fed. R. Civ. P. 25(a)(1), Anderson's action against Muex must be dismissed.

Accordingly, it is hereby **ORDERED** as follows:

2

1. Anderson's remaining claims in his complaint against Defendant Richard Muex [D.E. No. 1] are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 25(a)(1).

2. As these are the only claims that remain pending, this matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter an appropriate Judgment.

This 22nd day of June, 2020.

Signed By:
Henry R Wilhoit Jr.
United States District Judge